IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JET CAPITAL MASTER FUND, L.P.,<br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>HRG GROUP, INC. ET AL.,<br>　　　　　　　　　Defendants. | No. 21-cv-552-jdp |

ORDER APPROVING PLAN OF ALLOCATION
OF NET SETTLEMENT FUND

WHEREAS, the court conducted a hearing on March 18, 2022 to consider, among other things, whether to approve Lead Plaintiff's motion to approve the proposed plan of allocation of the Net Settlement Fund ("Plan of Allocation") created by the Settlement achieved in the above-captioned class action ("Action"); and

WHEREAS, the court having reviewed and considered the Plan of Allocation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, the lack of objection to the Plan of Allocation, and the record in the Action, and good cause appearing therefor;

IT IS ORDERED THAT:

1. **Jurisdiction** – The court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the HRG Subclass Members.

2. **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof: (a) the Stipulation filed with the court on October 12, 2021, Dkt. 98-1; and

1

(b) the Notice and the Summary Notice, both of which were filed with the court on February 7, 2022, Dkt. 109-1. All capitalized terms not expressly defined herein shall have the same meaning as they have in the Stipulation, Notice or Summary Notice.

3. **Notice of Plan of Allocation** –The court finds that the dissemination of the Notice, which included the Plan of Allocation: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise HRG Subclass Members of (i) the Plan of Allocation; (ii) their right to object to the Plan of Allocation, and (iii) their right to exclude themselves from the HRG Subclass; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4. Over 86,000 copies of the Notice, which included the Plan of Allocation, were mailed to potential HRG Subclass Members and nominees. No objection to the Plan of Allocation was received.

5. **Plan of Allocation Is Fair and Reasonable** – The court concludes that the formula for calculation of Recognized Claims as set forth in the Plan of Allocation mailed to potential HRG Subclass Members and nominees is a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among HRG Subclass Members with due consideration having been given to administrative convenience and necessity.

6. The court concludes that the Plan of Allocation is fair and reasonable to the

HRG Subclass and accordingly hereby approves the Plan of Allocation.

7.    **No Effect on Judgment** – Any appeal or challenge affecting this court's approval of the Plan of Allocation shall in no way disturb or affect the finality of the Judgment.

Entered March 28, 2022.

BY THE COURT:

_____
JAMES D. PETERSON
District Judge