IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| JET CAPITAL MASTER FUND, L.P., Plaintiff, v. HRG GROUP, INC. ET AL., Defendants. | No. 21-cv-552-jdp |
|---|---|

JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re Spectrum Brands Securities Litigation*, No. 19-cv-347-jdp (the "*Spectrum* Action");

WHEREAS, on August 27, 2021, the Court entered an Order severing the claims of purchasers of HRG Group, Inc. ("HRG") common stock during the Class Period in the *Spectrum* Action from the claims of purchasers of Spectrum and Old Spectrum common stock during the Class Period, and that continue in the *Spectrum* Action;

WHEREAS, on August 31, 2021, pursuant to the August 27, 2021 Order, the Court created the action entitled *Jet Capital Master Fund, L.P. v. HRG Group, Inc.*, No. 21-cv-552-jdp, for claims of purchasers of HRG common stock during the Class Period to continue and this action is referred to herein as the "Action";

WHEREAS, (a) Jet Capital Master Fund, L.P. ("Jet Capital" or "Lead Plaintiff"), on behalf of itself and the HRG Subclass (defined below); and (b) defendants Spectrum Brands Holdings, Inc. ("Spectrum" or the "Company"), Spectrum Brands Legacy, Inc. ("Old Spectrum"), HRG, and Andreas R. Rouvé, David M. Maura, and Douglas L. Martin (collectively, the "Individual Defendants" and, together with Spectrum, Old Spectrum, and

1

HRG, "Defendants") (Lead Plaintiff and Defendants, together, the "Parties") have entered into a Stipulation and Agreement of Settlement, dated October 8, 2021 (the "Stipulation"), that provides for a dismissal with prejudice of the claims asserted by the HRG Subclass against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated November 17, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2), and (ii) would likely be able to certify the HRG Subclass for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential HRG Subclass Members; (c) provided HRG Subclass Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the HRG Subclass;

WHEREAS, the Court conducted a hearing on March 18, 2022 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the HRG Subclass, and should therefore be approved, and (b) whether a judgment should be entered dismissing the claims asserted in the Action on behalf of the HRG Subclass with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed andproceedings held herein in connection with the Settlement, all oral and written comments

receivedregarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS ORDERED and ADJUDGED that:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the HRG Subclass Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on October 8, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on February 7, 2022.

3. **Class Certification for Settlement Purposes** – The Court certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the HRG Subclass consisting of all persons and entities that purchased common stock of HRG from January 26, 2017 to July 13, 2018 (the "Class Period"), and were damaged thereby. Excluded from the Spectrum Subclass are: (i) Defendants (including Spectrum); (ii) the Immediate Family members of the Individual Defendants; (iii) the Officers and directors of Old Spectrum, Spectrum, and HRG currently and during the period from January 26, 2017 to November 19, 2018 and their Immediate Family members; (iv) any entity in which any of the foregoing excluded persons or entities has or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded are Douglas A. Broleman and Judith J. Broleman of St. Louis, Missouri and Janice M. Yarbrough of Montrose, Colorado, each of whom requested to be excluded from the class.

4. **Settlement Class Findings** – For purposes of the Settlement only, the Court

3

finds that each element required for certification of the HRG Subclass pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Spectrum Subclass are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the HRG Subclass which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the HRG Subclass; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect theinterests of the HRG Subclass; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court certifies Lead Plaintiff Jet Capital Master Fund, L.P. as Class Representative for the HRG Subclass and appoints Lead CounselRolnick Kramer Sadighi LLP as Class Counsel for the HRG Subclass. The Court finds that Lead Plaintiff and Lead Counsel have fairly and adequately represented the HRG Subclass both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise HRG Subclass Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder), (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, (iv) their right to object to any aspect of the

Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation expenses, (v) their right to exclude themselves from the HRG Subclass, and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. There have been no objections by HRG Subclass Members to the Settlement.

7. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal withprejudice of the claims asserted against Defendants in the Action on behalf of the HRG Subclass), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the HRG Subclass. Specifically, the Court finds that: (a) Lead Plaintiff and Lead Counsel have adequately represented the HRG Subclass; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the HRG Subclass under the Settlement is adequate taking into account the costs, risks, and delay of further litigation, including trial and appeal; the proposed means of distributing the Settlement Fund to the HRG Subclass; and the proposed attorneys' fee award; and (d) the Settlement treats members of the HRG Subclass equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the

Stipulation.

8. All of the claims asserted against Defendants in the Action by the HRG Subclass are dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other HRG Subclass Members (regardless of whether or not any individual HRG Subclass Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons listed on Exhibit 1 hereto are excluded from the HRG Subclass pursuant to their request and are not bound by the terms of the Stipulation or this Judgment.

10. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other HRG Subclass Members shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This Release shall not apply to any of the Excluded Plaintiffs' Claims (as that term is defined in paragraph 1(r)

6

of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and their respective successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any of the Excluded Defendants' Claims (as that term is defined in paragraph 1(q) of the Stipulation).

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any

proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

8

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however,* that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of disposition of the Settlement Fund; (c) an motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the HRG Subclass for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other HRG Subclass Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of

9

immediately prior to the execution of the Term Sheet on September 20, 2021, as provided in the Stipulation.

Approved as to form this 28TH ~~24th~~ day of March, 2022.

_____
James D. Peterson
District Judge

_V. Olmo, Deputy Clerk_____          ___3/28/2022_____
Peter Oppeneer, Clerk of court                                Date