IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JET CAPITAL MASTER FUND, L.P.,
                    Plaintiff,

v.

HRG GROUP, INC. ET AL.,
                    Defendants.

No. 21-cv-552-jdp

## ORDER APPROVING DISTRIBUTION PLAN

IT IS ORDERED THAT:

1.    Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**.

2.    The claims administrator is directed to conduct the Initial Distribution of the Net Settlement Fund after deducting all payments previously allowed, and any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a five percent reserve from the Net Settlement Fund to address any tax liability and claims administration-related contingencies that may arise.

3.    The claims administrator will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. The claims administrator will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on the amount of the Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants.

4.    The claims administrator will then eliminate from the Initial Distribution any Authorized Claimant whose *pro rata* share calculates to less than $10.00. These Claimants will

not receive any payment from the Net Settlement Fund and will be so notified by the claims administrator.

5. After eliminating Claimants who would have received less than $10.00, the claims administrator will recalculate the *pro rata* share of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants who would have received $10.00 or more. This *pro rata* share is the Authorized Claimant's "Distribution Amount."

6. Authorized Claimants whose Distribution Amount calculates to less than $200.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"). These Authorized Claimants will receive no additional funds in subsequent distributions.

7. Ninety five percent of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $200.00 or more. The remaining five percent of the Net Settlement Fund will be held in the Reserve to address any tax liability or claims administration-related contingencies that may arise following the Initial Distribution.

8. If the Reserve is not depleted, the remainder will be distributed in the Second Distribution.

9. All distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." For Authorized Claimants whose checks are returned as undeliverable, the claims administrator will endeavor to locate new addresses through reasonable methods. Where a new address is located, the claims administrator will update the Settlement Database accordingly

and reissue a distribution check to the Authorized Claimant at the new address. In the event a distribution check is lost or damaged or otherwise requires reissuance, the claims administrator will issue replacements. Distribution reissues will be undertaken only upon written instructions from the Authorized Claimant, provided that the Authorized Claimant returns the previous check where appropriate. For all checks, the claims administrator will void the initial payment prior to reissuing a payment. In order not to delay further distributions to Authorized Claimants who have timely cashed their checks, the claims administrator's outreach program shall end 30 days after the initial void date. Authorized Claimants will be informed that, if they do not cash their Initial Distribution checks within 90 days of the mail date, or they do not cash check reissues within 30 days of the mailing of such reissued check, their check will lapse, their entitlement to recovery will be forfeited, and the funds will be reallocated to other Authorized Claimants. Reissue requests for lost or damaged checks will be granted after the void date on the checks as long as the request for the reissue is received no later than 45 days prior to the next planned distribution. Requests for reissued checks in connection with any subsequent distributions (should such distributions occur) will be handled in the same manner.

10. Authorized Claimants who do not cash their distribution checks within the time allotted or on the conditions stated in the previous paragraph will forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be distributed to other Authorized Claimants.

11. No later than ten months after the Initial Distribution, the claims administrator will, after consulting with Lead Counsel, conduct the Second Distribution, in which any amount remaining in the Net Settlement Fund, after deducting any unpaid fees and expenses incurred, will be distributed to all Authorized Claimants (other than Claims Paid in Full) who cashed their Initial

Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their pro rata share of the remaining funds. If any funds remain in the Net Settlement Fund after the Second Distribution, subsequent distributions will take place at six-month intervals unless a distribution would not be cost-effective, meaning that more than 50% of the remaining balance in the Net Settlement Fund would be consumed by the additional administrative costs to carry out that subsequent distribution.

12. If any funds remain in the Net Settlement Fund but a subsequent distribution would not be cost-effective, the remaining funds will be contributed to the National Consumer Law Center ("NCLC").

13. No new claims may be accepted after March 20, 2023, and no further adjustments to Claims received on or before March 20, 2023, that would result in an increased Recognized Claim may be made for any reason after March 20, 2023, subject to the following exception. If Claims are received or modified after March 20, 2023, that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if timely received, these Claimants may be paid the distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks if a further distribution to the class would not be cost effective but sufficient funds remain to process Claims received after March 20, 2023, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees.

14. The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of

Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all HRG Subclass Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Jet Capital, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Jet Capital or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

15. This Court retains jurisdiction to consider any further applications related to the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this *15TH* day of *SEPTEMBER*, 2023.

*/s/ James D. Peterson*
James D. Peterson
United States District Judge